IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRENDAN MULLEN**                                                                  **PLAINTIFF**

**v.**                                                           **CAUSE NO. 1:15CV158-LG-RHW**

**BELL HELICOPTER TEXTRON, INC., ET AL.**            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING
### HLW AVIATION, LLC'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [59] to Dismiss filed by Defendant HLW Aviation, LLC. HLW requests dismissal for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Brenden Mullen has responded, and HLW has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that it may not exercise personal jurisdiction over HLW in this action. Therefore, the Motion to Dismiss will be granted on Rule 12(b)(2) grounds. The Court does not address the remaining arguments.

### BACKGROUND

Mullen alleges he was riding as a passenger in a Bell 206L-1 helicopter in the course of his work for the U.S. Forest Service when "horns sounded and the pilot said 'we lost power.'" (1st Am. Compl. 6 (¶21), ECF No. 3). The helicopter crashed in the De Soto National Forest in Stone County, Mississippi, and Mullen was severely injured as a result. (*Id*. (¶¶ 22-23)). Mullen alleges that HLW was in the business of leasing, operating, maintaining, and servicing helicopters and

component parts, including the helicopter at issue in this case.[1] (*Id*. at 14 (¶67)). HLW leased the helicopter to T&M Aviation, which was operating the helicopter at the time of the crash. Mullen brings one claim of negligence against HLW.

HLW is a Georgia Limited Liability Company with its principal place of business in Lumpkin, Georgia. It seeks dismissal of the negligence claim pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction. Additionally, HLW requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6), contending that the factual allegations of Mullen's complaint are insufficient to state a negligence claim.

## DISCUSSION

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). If the motion is decided without an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. *Luv N' care, Ltd. v. Insta-Mix*, 438 F.3d 465, 469 (5th Cir. 2006); *Kwik–Kopy Corp. v. Byers*, 37 F. App'x 90, at *3 (5th Cir. 2002). In such case, the "court must resolve all undisputed facts submitted by

---

[1] The helicopter was leased by HLW to T&M Aviation, LLC, another named defendant, pursuant to a Helicopter Lease Agreement that began in 2010 and automatically renewed annually. (HLW Mot. Ex. A 1, ECF No. 61-1).

the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care*, 438 F.3d at 469.

A federal court sitting in diversity may exercise personal jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Allred*, 117 F.3d at 281 (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). Only if the requirements of both the long-arm statute and Due Process Clause are met can the court exercise personal jurisdiction over a non-resident defendant. *Id.*

### I. Mississippi Long-Arm Statute

The Court must first determine whether Mississippi's long-arm statute provides for the exercise of personal jurisdiction over HLW. Jurisdiction is proper over a defendant if (1) the defendant entered into a contract with the plaintiff to be performed in whole or in part in Mississippi (the contract prong); (2) the defendant committed a tort, in whole or in part, against a plaintiff in Mississippi (the tort prong); or (3) the defendant was "doing business" in Mississippi (the "doing business" prong). *See Bally Gaming, Inc. v. Caldwell*, 12 F. Supp. 3d 907, 912 (S.D. Miss. 2014). The parties agree that the tort prong is applicable here, and that Mullen's injury in Mississippi satisfies the requirements of the long-arm statute. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270-71 (5th Cir. 2006).

### II. Due Process

Next, the Court considers whether the exercise of jurisdiction under state law

would comport with the dictates of the Fourteenth Amendment Due Process Clause. This Clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214-15 (5th Cir. 2000). Minimum contacts, for the purpose of satisfying due process, can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. *Wilson*, 20 F.3d at 647.

Mullen contends that the Court may assert specific, rather than general, jurisdiction over HLW in this case, on two bases: 1) HLW purposely directed its activities toward residents of Mississippi; and 2) HLW delivered a product into the stream of commerce. (Pl. Resp. 5, ECF No. 61).

### a. Stream Of Commerce

Under the stream of commerce theory, the Court would be allowed to exercise personal jurisdiction over HLW if it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in" Mississippi. *Seiferth*, 472 F.3d at 273. However, "mere foreseeability or awareness [that a product would enter the forum state is] a constitutionally sufficient basis for personal jurisdiction [only] if the defendant's product made its way into the forum state while still in the stream of commerce." *Ainsworth v. Moffett Eng'g, Ltd.*, 716

F.3d 174, 177 (5th Cir. 2013) (quoting *Luv N' care*, 438 F.3d at 470).  Additionally, "[t]he defendant's contacts [with the forum state] must be more than 'random, fortuitous, or attenuated, or [the result] of the unilateral activity of another party or third person.'"  *Id.* (quoting *ITL Int'l, Inc. v. Constenla, S.A.,* 669 F.3d 493, 498 (5th Cir. 2012)).

For purposes of this Motion, HLW's only connection to this case is the fact that it leased the helicopter to T&M Aviation.  The Fifth Circuit has never applied the stream of commerce theory to leased products.  *Seiferth*, 472 F.3d at 273-74 (Mississippi court could not assert personal jurisdiction over helicopter lessor when use of helicopter resulted in death in Mississippi) (citing *Bell Helicopter Textron, Inc. v. HeliQwest Int'l, Ltd.*, 385 F.3d 1291, 1297 (10th Cir. 2004)).

Even if this Court were somehow persuaded to apply the stream of commerce theory to this leased helicopter, the helicopter was no longer in the "stream of commerce" when it made its way into Mississippi - the lease transaction had already taken place.  Furthermore, examination of HLW's contacts with Mississippi shows them to be insufficient to support this Court's assertion of personal jurisdiction over HLW.

### b.  HLW's Contacts With Mississippi

Mullen contends that HLW's act of leasing the helicopter to a party that could be expected to fly it in Mississippi shows sufficient contacts to bring HLW into court in Mississippi.  Mullen argues that HLW, in Lumpkin Georgia, leased the helicopter to T&M Aviation, in Abbeville, Louisiana.  Because a direct flight

between the two locations requires crossing Mississippi, HLW was necessarily aware that the helicopter would enter Mississippi on its way to Louisiana. Furthermore, T&M's location in Louisiana is close to Mississippi, making it likely that T&M would operate the helicopter in Mississippi. Additionally, Mullen argues the lease required T&M to "provide evidence to Defendant HLW Aviation that the geographic areas in which the helicopter was flown were lawful and that insurance coverage applied." (Pl. Resp. 7-8, ECF No. 61). T&W was therefore obligated to "provide evidence of the location of every fire" the helicopter was used to fight. For all of these reasons, Mullen contends that HLW was aware that the helicopter would be used in Mississippi, and "if a lessor is aware that a lessee will fly in a state, the state can exercise jurisdiction over the lessor." (*Id.* at 7).

HLW argues, and the Court agrees, that the lease does not specify where T&M will use the helicopter, nor does it require T&M to inform HLW of where the helicopter would be used. In support of his position that HLW was aware that the helicopter would be used in Mississippi, Mullen has identified a recital in the lease which states that "T&M desires to lease the [helicopter for] the purpose of providing services consistent with Titles [sic] 14, Part 135 of the Code of Federal Regulations (hereinafter Contract)," along with HLW's alleged knowledge that the Contract was with the U.S. Forest Service. (Def. Mot. Ex. 1, ECF No. 59-1 at 4). Mullen argues that 1) the regulation concerns on-demand operations; 2) T&M could be expected to operate the helicopter on-demand in nearby national forests; and 3) the national forests nearest to Abbeville, Louisiana, encompass land in Mississippi as well as

Louisiana, and therefore HLW should have been alerted to T&M's use of the helicopter fire-fighting in national forests within Mississippi.

Mullen also argues that HLW should have received insurance information from T&M that would have informed it of the location of T&M's operations. In the absence of a supporting citation from Mullen, HLW points to Section 9.2 and 9.3 of the lease as the likely source of Mullen's argument. These provisions, however, merely require T&M to maintain insurance, comply with the terms of the insurance, and comply with applicable laws and regulations when operating the helicopter. (Def. Mot. Ex. 1, ECF No. 59-1 at 7). T&M must also provide evidence of the insurance when required to do so by HLW. (*Id.*).

Mullen's chief arguments for jurisdiction go to HLW's awareness that the helicopter would be used in Mississippi. But even if HLW was informed or should have known that the helicopter would be used by HLW for fire fighting operations in Mississippi, or should have realized that the helicopter would pass through Mississippi on its way to Louisiana, such awareness is insufficient to support personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) ("'[F]oreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.").

> [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

*Id.* at 297.

-7-

The Court finds no connection between HLW and the state of Mississippi. Neither HLW nor T&M has a presence in Mississippi. HLW leased the helicopter to T&M to provide services to the U.S. Forest Service, presumably wherever the Forest Service required T&M's services.[2] The language of the lease does not show that the parties contemplated operation of the helicopter in any particular location.[3] The fact that T&M's services could have been required in Mississippi is tantamount to purposefully availing oneself of the privilege of conducting business in Mississippi by HLW. T&M's use of the helicopter in Mississippi was its own unilateral action, which cannot establish minimum contacts between HLW and Mississippi. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *Seiferth*, 472 F.3d at 274. It would be unfair to subject HLW to personal jurisdiction in Mississippi merely because T&M is a resident of a state adjacent to Mississippi.[4] The Court concludes that specific jurisdiction over HLW is not

---

[2] The contract with the Forest Service was not provided.

[3] The *Brown v. Astron Enterprises* case cited by Mullen is distinguishable on this basis, as the aircraft in *Brown* was leased for the express purpose of flying into a particular state. *Brown v. Astron Enters., Inc.*, 989 F. Supp. 1399, 1405 (N.D. Ala. 1997).

[4] Mullen cites *Worthley v. Rockville Leasecar, Inc.*, 328 F. Supp. 185 (D. Md. 1971) in support of the proposition that proximity to a forum state can support jurisdiction. In *Worthley*, the occupants of an aircraft owned by a Maryland corporation had permission to fly wherever they desired. The court determined that a crash in Rhode Island justified the assertion of jurisdiction over the aircraft owner by Rhode Island, since the proximity of Rhode Island to Maryland made Rhode Island a foreseeable destination for the aircraft. *Id.* at 188. As HLW notes, *Worthley* was decided before the Supreme Court's *World–Wide Volkswagen* decision foreclosed jurisdiction based merely on foreseeability.

warranted based on the presence of the helicopter in Mississippi at the time of the crash. *See Eddy v. Printers House (P) Ltd.*, No. 15-10370, 2015 WL 5771925, at *3 (5th Cir. Oct. 2, 2015); *World-Wide Volkswagen*, 444 U.S. at 295-99 (holding that an Oklahoma court could not exercise personal jurisdiction over a car retailer when the retailer's only connection to Oklahoma was the fact that a car sold in New York became involved in an accident in Oklahoma).

### III. The Request For Discovery

Mullen requests that the Court allow him to conduct jurisdiction-related discovery in the event the facts available at this stage do not support the assertion of specific jurisdiction over HLW. He reiterates his position that the contract with the U.S. Forest Service and the flight over Mississippi to reach T&M's home in Louisiana are reasons to believe there are discoverable facts that will establish jurisdiction. For essentially the reasons stated above, these arguments do not show a basis to believe jurisdiction over HLW exists in this Court. Accordingly, Mullen's request for discovery is denied.

### CONCLUSION

Jurisdiction is a threshold matter which must be established before the Court may proceed to adjudication of the merits of an action. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). The Court should not proceed further once it concludes that it lacks personal jurisdiction over a defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). Because the

Court has determined that it lacks personal jurisdiction over HLW in this case, HLW's Motion to Dismiss will be granted pursuant to Fed. R. Civ. P. 12(b)(2) and Plaintiff's claims against HLW dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [59] to Dismiss filed by Defendant HLW Aviation, LLC, is **GRANTED**.  Plaintiff's claims against HLW Aviation, LLC, are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE